FILED
United States Court of Appeals
Tenth Circuit

December 14, 2023

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ERIC WITT,

    Plaintiff - Appellant,

v.

STATE OF COLORADO; DAVID R. DOUGHTY (Attorney); JANEWAY LAW FIRM, P.C.; TERI VASQUEZ (Judge),

    Defendants - Appellees.

No. 23-1183
(D.C. No. 1:22-CV-02242-CNS-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Eric Witt, proceeding pro se, appeals the district court's order dismissing with prejudice a complaint in which he sought various forms of relief from state-court foreclosure and eviction proceedings.[1] Finding no error in the district court's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Although we liberally construe Witt's pro se filings, we will not act as his advocate. *See Childers v. Crow*, 1 F.4th 792, 798 n.3 (10th Cir. 2021).

forewarned decision to dismiss this action as a sanction for repetitive and duplicative filings, we affirm.

**Background**

In August 2022, Witt filed a complaint in federal district court seeking to challenge state-court foreclosure proceedings. Witt also filed, among other things, a motion for a temporary restraining order (TRO), which the district court denied because Witt failed to show a likelihood of success on the merits. Witt then moved for a TRO three more times, and on each occasion, the district court denied his request. In its order denying Witt's third and fourth TRO requests, the district court noted that Witt's repeated TRO "filings border[ed] on frivolous." R. vol. 2, 19. And it warned Witt that if he were to file a fifth repetitive TRO motion, it would "regard that motion as frivolous" and would "consider other sanctions as appropriate." *Id.*

So when Witt filed a fifth TRO motion—this one styled as a habeas petition but nevertheless seeking a TRO to enjoin the state-court foreclosure proceedings—the district court denied it and deemed it frivolous. It also specifically cautioned Witt that if he filed yet another frivolous and repetitive motion, it would "dismiss this action with prejudice." *Id.* at 74. Undeterred, Witt filed another set of motions seeking a TRO and other related forms of injunctive relief; he also argued that the district court erred in treating his fifth TRO motion as frivolous. But the district court, as it had warned, determined that this sixth round of filings was frivolous, denied each motion, and then dismissed Witt's complaint in its entirety as a

sanction.² *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (noting district court's inherent authority to sanction a party by dismissing with prejudice in "cases of willful misconduct" and setting out four relevant factors).

Witt now appeals.³

**Analysis**

We review a district court's order dismissing a case as a sanction for abuse of discretion. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).

As he did below, Witt disputes the district court's characterization of his filings as frivolous.⁴ He suggests that he filed multiple motions in response to the district court's own directions, so those filings should "have been interpreted as a learning process for a pro se litigant." Aplt. Br. 11. But the record lacks support for Witt's position that the district court led him "into repetitive filings and then us[ed] these filings as grounds for dismissal." *Id.* None of the district court's orders invited Witt to file additional motions. Rather, the orders simply stated the reasons for denying the motion at hand. For example, the district court's second order found that

---

² The district court later denied Witt's various postjudgment motions, including a reconsideration motion and motion to proceed in forma pauperis (IFP) on appeal.

³ Witt previously and unsuccessfully sought mandamus relief from this court. *See* Order, *In re Witt*, No. 23-1140 (10th Cir. May 23, 2023).

⁴ Defendants argue that Witt failed to address the basis for the district court's dismissal order and thus waived his right to challenge it on appeal. To be sure, Witt doesn't directly challenge the district court's weighing of the *Ehrenhaus* factors. But Witt's position that his filings were not frivolous is nevertheless directed at the district court's dismissal because it questions the underlying premise of the dismissal. So we reject defendants' waiver arguments and address Witt's assertions on their merits.

Witt failed to show a likelihood of success on the merits because he "cite[d] no authority in support of his argument[]" and "provide[d] no substantive analysis demonstrating that injunctive relief [was] warranted." R. vol. 1, 266–67. The order did not direct Witt to correct these errors. Likewise, when Witt nevertheless filed another TRO motion with an "updated section of legal authority," the district court denied the motion because Witt failed to explain or analogize the additional authority. R. vol. 2, 15. And the district court did not direct Witt to file a renewed motion to correct this failing. Moreover, Witt's assertion about being misled into filing additional motions entirely ignores the district court's two specific warnings against future repetitive filings. Thus, we reject his argument that the district court abused its discretion by inviting the motions it later deemed frivolous.

Witt also argues that the district court wrongly treated his fifth motion (the one styled as a habeas motion) as frivolous rather than "as a separate legal action, challenging the unlawful handling of the eviction process by the county judge." Aplt. Br. 7–8. But given that Witt's prior TRO motions sought the same relief (and that Witt is not in custody, as is required for habeas motions), the district court did not abuse its discretion in concluding that Witt's fifth motion was frivolous.[5] *See Mays v. Dinwiddie*, 580 F.3d 1136, 1141 (10th Cir. 2009) (noting that the Supreme Court has

---

[5] Witt also suggests that the district court "misappl[ied] the page[-]limit rule" as to this fifth motion. Aplt. Br. 8. Although the district court did note that Witt's fifth motion was overlong in violation of local rules, that was not the basis for the district court's ruling; it instead followed through on its warning that future repetitive TRO motions would be deemed frivolous and would be denied.

"never extended" the in-custody requirement of federal habeas corpus to circumstances in which the "petitioner suffers no present restraint from a conviction"). So we reject Witt's challenges to the district court's characterization of his repeated filings as frivolous and see no abuse of discretion in the district court's forewarned decision to dismiss Witt's complaint as a sanction.[6] *See Ehrenhaus*, 965 F.2d at 920–21.

## Conclusion

Because the district court did not abuse its direction in characterizing Witt's filings as frivolous, we affirm. We also grant Witt's motion to proceed IFP.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[6] We accordingly do not reach defendants' alternative bases for affirming.